**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JUSTINE LEWNER, | ) ) | |
| Plaintiffs, | ) ) | **No.** |
| v. | ) ) | **Judge:** |
| WESTERN GOLF SHOP, INC. d/b/a GOLFERS EDGE, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, JUSTINE LEWNER, by and through her attorneys, brings this action seeking relief damages for violations of the federal Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act ("IWPCA") against Defendant, WESTERN GOLF SHOP, INC. d/b/a GOLFERS EDGE.

**PARTIES**

1. Plaintiff Justine Lewner demands a jury and is a natural person and resident of the State of Illinois. Plaintiff is a covered employee under the FLSA.

2. Defendant Western Golf Shop, Inc. is an Illinois corporation that does business as "Golfers Edge." Defendant will be referred to hereinafter as Golfers Edge or Defendant. Defendants are covered under the FLSA.

3. Defendant and Defendant's employee(s) are engaged in interstate commerce, as evidenced by Defendant's website, http://www.golfersedgeonline.com which as of the date of the filing of this Complaint markets golf-related products to consumers both within and without the State of Illinois. Defendant, and Defendant's employee(s) in particular, including Plaintiff,

further engaged in interstate commerce by purchasing inventory from out-of-state vendors, and/or by selling that out-of-state inventory to consumers within the State of Illinois.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because it is a civil action arising under the laws of the United States, namely 23 U.S.C. Chapter 8, *et seq.*. Supplementary jurisdiction exists over Plaintiff's state law claim because it arises out of the same transaction or occurrence as Plaintiff's federal claim.

5. Personal jurisdiction and venue are proper in this District because Defendant's principal place of business is in this District and the facts that gave rise to Plaintiff's claims occurred in this District.

## CAUSE OF ACTION

6. Plaintiff was employed by Defendant from March, 2016 to April, 2016.

7. During this time, Plaintiff was Defendant's only employee.

8. Plaintiff had numerous duties within the scope of her employment, including sale of items to consumer, interacting with consumers, packaging for mailing, and other duties.

9. Plaintiff's contracted rate of pay was $12 per hour.

10. During Plaintiff's employment, she worked in excess of 40 hours per workweek on multiple occasions, for an aggregate total of 14.5 hours of overtime work.

11. Plaintiff was not provided overtime compensation for those overtime hours;

rather, she was paid at her contracted rate.

12. Throughout Plaintiff's employment with Defendant, Plaintiff's manager (and Defendant's co-owner), Brian Meyers, frequently used abusive language and required her to work hours in excess of 40 hours per week.

13. For these reasons, Plaintiff ceased her employment with Defendant on April 6, 2016.

14. At the conclusion of her employment, Plaintiff was entitled to earned wages for 54 hours of work, for a total of $732.

15. As of the date of the filing of this Complaint, Plaintiff has not received payment of these earned wages, and has not received any communications from Defendant regarding payment.

16. At all times relevant to this Complaint, Plaintiff was an employee covered by both the federal Fair Labor Standards Act and the Illinois Wage Payment and Collection Act.

**FIRST CLAIM FOR RELIEF:**

**Violation of the Fair Labor Standards Act**

17. Plaintiff incorporates paragraphs 1-16 into this Count.

18. Among other ways, the defendants violated the FLSA by failing to pay the plaintiffs for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one- half times the regular rate at which she was employed and minimum wage for unpaid final compensation.

## SECOND CLAIM FOR RELIEF:

### Violation of the Illinois Wage Payment and Collection Act

19. Plaintiff incorporates paragraphs 1-16 into this Count.

20. Under the IWPCA, 820 ILCS 115/5, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

21. Defendant failed to pay final compensation of $732 to Plaintiff.

22. Under the IWPCA, 820 ILCS 115/14), "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

23. Plaintiff seeks remedies under the IWPCA for non-payment of final compensation.

### PRAYER FOR RELIEF

A. Enter judgment for Plaintiff against Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid

      minimum and overtime wages of $1,093;

C.     Award Plaintiff an equal amount in double damages/liquidated damages;

D.     Award statutory penalties as allowed by the IWPCA;

E.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

F.     Any other relief the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims that may so be tried.


                RESPECTFULLY SUBMITTED,

                JUSTINE LEWNER

BY:    s/Christopher V. Langone
         *One of Her Attorneys*

Christopher V. Langone
332 S. Michigan, 9th Floor
Chicago, IL 60604
(607) 592-2661
langonelaw@gmail.com